UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LEAMON JOYNER

        Plaintiff,

     v.                        **REPORT AND RECOMMENDATION**
                                       **1:05-CV-0675 (NPM)**

MICHAEL J. ASTRUE[1]
COMMISSIONER OF SOCIAL SECURITY,

        Defendant,

## I.    Introduction

Plaintiff Leamon Joyner brings this action pursuant to the Social Security Act

("the Act"), 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the

Commissioner of Social Security  ("Commissioner"), denying his application for disability

insurance benefits ("DIB") and Supplemental Security Income ("SSI").[2] Specifically,

Plaintiff alleges that the decision of the Administrative Law Judge ("ALJ") denying his

applications for benefits was not supported by substantial evidence and contrary to the

applicable legal standards. The Commissioner argues that the decision was supported

by substantial evidence and made in accordance with the correct legal standards.

For the reasons set forth below, the Court finds the Commissioner's decision is

not supported by substantial evidence and not determined in accordance with the

applicable law. Therefore, the Court recommends that the Plaintiff's motion for judgment

on the pleadings be granted in part and Defendant's cross-motion for judgment on the

---

[1] Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. Pursuant to
Federal Rule of Civil Procedure 25(d)(1), Michael J. Astrue is substituted as the Defendant in this suit.
[2] This case was referred to the undersigned for Report and Recommendation, by the Honorable Norman
A. Mordue, pursuant 28 U.S.C. § 636(b)(1)(B), by an Order dated July 1, 2009.

pleadings be denied.[3]

## II.   Background

On June 13, 2003, Plaintiff, then 50 years old, filed an application for SSI and DIB, claiming disability since February 3, 2003, because of impairments to the low back, neck, cervical spine, right shoulder, and thoracic outlet syndrome[4] (R. at 58-60).[5] His application was denied initially on August 5, 2003 (R. at 27-32). Plaintiff filed a timely request for a hearing on September 2, 2003 (R. at 33).

On August 5, 2004, Plaintiff and his attorney appeared before the ALJ (R. at 208-40, repeated at 241-78). Plaintiff and his attorney appeared for a supplemental hearing on November 1, 2004, along with a vocational expert (R. at 279-300). The ALJ considered the case *de novo* and, on January 7, 2005, issued a decision finding Plaintiff was not disabled (R. at 16-26). The ALJ's decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review on May 11, 2005 (R. at 3-5). On June 1, 2005, Plaintiff filed this action disputing his disability determination.

Based on the entire record, the Court recommends remand because the ALJ failed to apply the proper legal standard when assessing Plaintiff's credibility.  Also, elements of his residual functional capacity assessment were not supported by

---

[3] Although no motion for judgment on the pleadings was filed, the moving party was excused from such filing under General Order No. 18, which states in part: "The Magistrate Judge will treat the proceeding as if both parties had accompanied their briefs with a motion for judgment on the pleadings . . . ." General Order No. 18. (N.D.N.Y. Sept. 12, 2003).

[4] Thoracic outlet syndrome is "any of a variety of neurovascular syndromes resulting from compression of the subclavian artery, the brachial plexus nerve trunks, or less often the axillary vein or subclavian vein . . . . Arterial compression leads to ischemia, paresthesias, numbness, and weakness of the affected arm . . . Nerve compression causes atrophy and weakness of the muscles of the hand . . ." Dorland's Illustrated Medical Dictionary 1873 (31st ed. 2007).

[5] Citations to the underlying administrative record are designated as "R."

substantial evidence.

### III.    Discussion

#### A.  Legal Standard and Scope of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383 (c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); see Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).   "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 258

3

(2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must

be sustained "even where substantial evidence may support the plaintiff's position and

despite that the court's independent analysis of the evidence may differ from the

[Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other

words, this Court must afford the Commissioner's determination considerable

deference, and may not substitute "its own judgment for that of the [Commissioner],

even if it might justifiably have reached a different result upon a *de novo* review."

Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

The Commissioner has established a five-step sequential evaluation process[6] to

determine whether an individual is disabled as defined under the Social Security Act.

See 20 C.F.R. §§ 416.920, 404.1520.  The United States Supreme Court recognized

the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct.

2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing

whether a claimant is disabled.

        While the claimant has the burden of proof as to the first four steps, the

Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S.

---

[6] This five-step analysis is detailed as follows:

        First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant has such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. §§ 416.920, 404.1520.

at 146 n.5; Ferraris v. Heckler, 728 F.2d 582 (2d Cir. 1984).  The final step of this inquiry is, in turn, divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

### B.  Analysis

### 1.    The Commissioner's Decision

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date (R. at 20). The ALJ then summarized most of the medical evidence, including the examinations and opinions of orthopedic surgeons Dr. Richard Goodman, M.D., and Dr. Richard Semble, M.D., and chiropractor Dr. David A. Kerschner, D.C. (R. at 20-24). The ALJ concluded that " the medical evidence establishes that the claimant has right shoulder rotator cuff tear, derangement of the right shoulder, and disc bulge at C5-6, but does not establish medical findings which meet or equal in severity the clinical criteria of any impairment listed in Appendix 1 . . ." (R. at 24). The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to "perform light work and is further limited by the following non-exertional [sic] impairments: (1) no lifting above shoulder level with his dominant right arm; (2) is able to reach out straight with both arms; (3) and occasional but not frequent work where he has to keep his neck flexed for more than 10 minutes at a time" (R. at 24). Based in part upon testimony elicited from a vocational expert, the ALJ concluded that Plaintiff could

not perform his past relevant work as a custodian, but could work as a photocopy machine operator, a cafeteria attendant, or a messenger (R. at 25). Therefore, the ALJ found that Plaintiff was not disabled within the meaning of the Act (R. at 25-26).

### 2.    Plaintiff's Claims

Plaintiff argues that the ALJ erred in (a) improperly assessing Plaintiff's credibility; (b) failing to grant controlling weight to the opinion of Plaintiff's chiropractor, Dr. Kerschner; (c) failing to find that Plaintiff's impairments met Listing 1.02 or 1.04; and (d) determining Plaintiff had an RFC to perform light work and finding Plaintiff not disabled. Plaintiff's Brief, pp. 6-10.

### a.  The ALJ Failed to Apply the Proper Legal Standard in Assessing Plaintiff's Credibility

Plaintiff argues that the ALJ improperly discredited Plaintiff's testimony of his limited ability to sit, stand, walk and frequently use his right arm. Plaintiff's Brief, p. 7.

The ALJ must consider the extent to which subjective evidence of symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. §§ 404.1529(a), (d). The regulations require a two step analysis. Id.; S.S.R. 96-7p, 1996 WL 374186, at *2. First, the ALJ must determine whether medical signs or laboratory findings show any impairment, "which could reasonably be expected to produce the pain or other symptoms alleged." 20 C.F.R. § 404.1529(a); see also S.S.R. 96-7p, 1996 WL 374186, at *2. Second, if such an impairment is shown, then the ALJ must evaluate the intensity, persistence, and limiting effects of a claimant's symptoms to determine the extent to which they limit the claimant's capacity to work. S.S.R. 96-7p, 1996 WL 374186, at *2; see 20 C.F.R. §

6

404.1529(c). When the objective medical evidence alone does not substantiate the claimant's alleged symptoms, the ALJ must assess the credibility of the claimant's statements considering the following factors: (1) claimant's daily activities; (2) location, duration, frequency, and intensity of claimant's symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures taken by the claimant to relieve symptoms; and (7) any other factors concerning claimant's functional limitations and restrictions due to symptoms. S.S.R. 96-7p, 1996 WL 374186, at *2; 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

In this case, the ALJ failed to apply the proper legal standard. Although the ALJ stated "The [ALJ] has also carefully considered the claimant's testimony pursuant to 20 CFR 404.1529 and 416.929 and Social Security Ruling 96-7p" (R. at 23), the ALJ failed to apply the two step analysis required by the regulations he cited by engaging in a meaningful discussion of the evidence as it related to the two steps. Instead, the ALJ imprecisely summarized Plaintiff's testimony (R. at 23-24). The ALJ's failure to apply the proper legal standard necessitates remand.

On remand, the ALJ must apply the two step process and determine whether Plaintiff has impairment which can reasonably be expected to produce her alleged symptoms and if so, determine the intensity, persistence, and limiting effects thereof. 20 C.F.R. § 404.1529(a)-(c); see also S.S.R. 96-7p, 1996 WL 374186, at *2. Additionally, the ALJ should carefully review Plaintiff's statements to avoid mischaracterizing his testimony. See Aragon-Lemus v. Barnhart, 280 F.Supp.2d 62, 70 (W.D.N.Y. 2003) (finding the ALJ's credibility analysis not supported by substantial evidence in part

7

because the ALJ mischaracterized the Plaintiff's testimony). For example, in his decision the ALJ stated that Plaintiff could "lift 20 pounds with his left arm and up to 20 pounds with his right arm before his shoulder hurts" (R. at 23), but Plaintiff actually testified that he does not lift heavy things, that he "probably" could lift twenty pounds with his left arm, but "I'm not a left-hander. I hardly do too well with my left hand" (R. at 262). With respect to his right arm, Plaintiff explained, "If I pick a 20-pound of potatoes up I got to have the other hand to help. I can't even lift it with one hand. I wouldn't be able to lift it with one hand" (R. at 262). Under questioning by his attorney at the supplemental hearing, Plaintiff clarified that he could lift ten pounds with his right hand occasionally, but frequent lifting of that weight would cause pain (R. at 296-97). The ALJ also stated that Plaintiff cleaned his home by vacuuming, contrary to Plaintiff's testimony that he does not attempt to vacuum because of pain (R. at 23, 265). Similarly, the ALJ stated that Plaintiff had "no feeling  in his right hand" but "can zipper and manipulate buttons" (R. at 23) even though Plaintiff carefully explained that he loses feeling in his fingers and therefore can only use zippers and buttons slowly and has his daughter-in-law write for him (R. at 23, 269). An ALJ should be more cautious in drawing inferences from the evidence and avoid mischaracterizations of a Plaintiff's testimony, as they have the potential to affect a court's view of whether an ALJ's findings are supported by substantial evidence.

### b. The ALJ Did Not Err in Failing to Grant Controlling Weight to the Opinion of Plaintiff's Chiropractor

Plaintiff argues that the ALJ "improperly disregarded" the opinion of Plaintiff's chiropractor, Dr. Kerschner, which was "entitled to controlling weight in the absence of

substantial evidence to the contrary." Plaintiff's Brief, p. 7 (citing Gaymon v. Sullivan, 759 F. Supp. 106 (E.D.N.Y. 1991)).

Plaintiff's argument is unavailing because chiropractor's opinions are not entitled to controlling weight. Indeed, under the regulations, a chiropractor is not an "acceptable medical source," but an "other source." 20 C.F.R. §§ 404.1513(a), (d) ("Other sources include . . . chiropractors . . ."). Only "acceptable medical sources" can provide "medical opinions" and only "medical opinions" are potentially entitled to controlling weight. 20 C.F.R. §§ 404.1527(a)(2) (defining medical opinions as statements from acceptable medical sources); 404.1527(d) (describing how medical opinions are weighed). Under Second Circuit case law, an ALJ is never required to give controlling weight to a chiropractor's opinions. See Diaz v. Shalala, 59 F.3d 307, 313-14 (2d Cir. 1995) (holding that "it would be inconsistent with [the] regulations to require the [Commissioner] to give controlling weight to a chiropractor's opinion"). Instead, the regulations state that the Commissioner "may also use evidence from other sources to show the severity of [a claimant's] impairment[s] and how it affects [a claimant's] ability to work." 20 C.F.R. § 404.1513(d).

In this case, the ALJ did not state what weight, if any, he gave to Dr. Kerschner's opinions. (R. at 19-26). However, the ALJ is not obliged to weigh a chiropractor's opinion and may merely use it as evidence of the claimant's impairments and abilities. See 20 C.F.R. § 404.1513(d). The ALJ's discussion of Dr. Kerschner's opinions was consistent with the pertinent regulations. See (R. at 22, 24) (discussing Dr. Kerschner's opinions and finding them consistent with other evidence of Plaintiff's abilities).

9

Therefore, the Court can find no error in the ALJ's failing to grant controlling weight to Plaintiff's chiropractor's opinions.

### c. The ALJ Did Not Err in Finding Plaintiff Did Not Meet or Equal a Listing

Plaintiff argues the ALJ erred in failing to find he met Listings 1.02 and 1.04. Plaintiff's Brief, p. 6-7.

At step three, Plaintiff has the burden of proof to show that his impairments meet or medically equal a Listing. Naegele v. Barnhart, 433 F.Supp.2d 319, 324 (W.D.N.Y. May 31, 2006). To meet a Listing, Plaintiff must show that his medically determinable impairment satisfies all of the specified criteria in a Listing. 20 C.F.R. §§ 404.1525(d), 416.925(d). If a claimant's impairment "manifests only some of those criteria, no matter how severely," such impairment does not qualify. Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (citing S.S.R. 83-19, 1983 WL 31248).

In this case, the ALJ found that the record "does not establish medical findings which meet or equal in severity the clinical criteria of any impairments listed in Appendix 1" (R. at 24). Courts have required an ALJ to provide an explanation as to why the claimant failed to meet or equal the Listings, "[w]here the claimant's symptoms as described by the medical evidence appear to match those described in the Listings." Kuleszo v. Barnhart, 232 F.Supp.2d 44, 52 (W.D.N.Y. Sept. 30, 2002). However, if an ALJ's decision lacks an express rationale for finding that a claimant does not meet a Listing, a Court may still uphold the ALJ's determination if it is supported by substantial evidence. Berry v. Schweiker, 675 F.2d 464, 468 (2d Cir. 1982). In this case, the Court concludes that the ALJ's determination that Plaintiff does not meet a Listing is

10

supported by substantial evidence, despite his failure to provide an express rationale for this finding. Notably, Plaintiff's record does not show evidence of "gross anatomical deformity" or "inability to perform fine and gross movements effectively" as required by Listing 1.02. 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 1.02, 1.02(B). Similarly, the evidence does not show "motor loss . . . accompanied by sensory or reflex loss" required by Listing 1.04(A), or "Spinal arachnoiditis" required by Listing 1.04(B), or "Lumbar spinal stenosis" required by Listing 1.04(C). 20 C.F.R. Pt. 404, Subpt. P, App. 1 §§ 1.04(A)-(C). Because there is no medical evidence establishing that Plaintiff meets all the criteria of the relevant Listings, Plaintiff cannot meet Listings 1.02 or 1.04. See Sullivan, 493 U.S. at 530. Therefore, the ALJ's conclusion that Plaintiff does not meet these Listings is supported by substantial evidence.

### d.  Steps Four and Five of the ALJ's Sequential Analysis are Necessarily Flawed

Finally, Plaintiff argues that the above errors rendered the ALJ's conclusions at steps four and five unsupported by substantial evidence. Plaintiff's Brief, p. 8-10. The Court agrees. The ALJ's failure to properly assess Plaintiff's credibility necessarily undermines his RFC determination at step four and his ultimate conclusion that Plaintiff is not disabled at step five.

The ALJ's RFC determination was further undermined because the medical evidence cited by the ALJ did not support each aspect of the RFC. "It is well-settled that the RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Hogan v. Astrue, 491

11

F.Supp.2d 347, 354 (W.D.N.Y. 2007) (quoting S.S.R. 96-8p, 1996 WL 374184, at *7).

Moreover, for an RFC finding to be upheld, there must be substantial evidence in the

record to support each requirement listed in the regulations. Martone v. Apfel, 70

F.Supp.2d 145, 150 (N.D.N.Y. 1999) (citing LaPorta v. Bowen, 737 F. Supp. 180, 183

(N.D.N.Y. 1990)).

    In this case, the ALJ found that Plaintiff could "perform light work" (R. at 24),

which includes frequently lifting and carrying ten pounds and occasionally lifting twenty

pounds. 20 C.F.R. § 404.1567(b) ("Light work involves lifting no more than 20 pounds at

a time with frequent lifting or carrying of objects weighing up to 10 pounds."). The ALJ

suggested that the findings and opinions of Dr. Goodman, Dr. Kerschner, and Dr.

Semble were the basis for his RFC, but none of these sources offered an opinion about

how much Plaintiff could lift. See (R. at 110) (report from Dr. Goodman, with no

indication of what weight Plaintiff can carry); (R. at 157) (report from Dr. Kerschner, with

no indication of the amount Plaintiff can lift); (R. at 121) (letter report from Dr. Semble,

indicating that Plaintiff is "not able to do heavy lifting or lifting above the horizontal

plane" but failing to define "heavy"). The ALJ also pointed out that the Plaintiff "testified

he can lift 20 pounds" (R. at 25), but as discussed above, this is a mischaracterization of

Plaintiff's testimony.  See supra Part III.B.2.a. On remand, should the ALJ properly

conclude that Plaintiff has the RFC to perform light work, he must "show by substantial

evidence that plaintiff can perform each of the requirements of light work as set forth in

[the regulations]." LaPorta, 737 F. Supp. at 183.

## IV.    Conclusion

    Based on the foregoing, the Court recommends that the Commissioner's

decision denying disability benefits be REMANDED for further proceedings in accordance with this recommendation and pursuant to sentence four of 42 U.S.C. Section 405(g).

Respectfully submitted,

Victor E. Bianchini
United States Magistrate Judge

      DATED: November 23, 2009
      Syracuse, New York

### Orders

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**

Thomas v. Arn, 474 U.S. 140 (1985); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir.1989); Wesolek v. Canadair Ltd., 838 F.2d 55 (2d Cir.1988).

**SO ORDERED**.

Victor E. Bianchini
United States Magistrate Judge

DATED: November 23, 2009
Syracuse, New York

14